Mr. Andrew S. Maurodis Deerfield Beach City Attorney 150 Northeast Second Avenue Deerfield Beach, Florida 33441-3598
Dear Mr. Maurodis:
You ask substantially the following question:
Does section 364.01, Florida Statutes, preclude a municipality from enforcing the provisions of a franchise agreement requiring the franchisee to seek the city's approval before utilizing the city's right-of-way for other than the provision of cable television services when the franchisee seeks to lease its facilities for the provision of non-cable telecommunications services?
In sum:
Section 364.01, Florida Statutes, does not preclude a municipality from enforcing the provisions of a franchise agreement that require the franchisee to seek the city's approval before utilizing the city's right-of-way for other than the provision of cable television services.
You state that the franchise agreement limits the cable television company to cable television services and requires the company to seek prior city approval before utilizing the franchise for other purposes. According to your letter, no such approval has been given. The city has learned, however, that the cable company franchisee is leasing its cable television facilities to a related third party in which the cable company has an ownership interest, for the provision of non-cable telecommunications services.
The city has advised the franchisee that it is in violation of the franchise agreement. The franchisee has responded that the lease of its cable television facilities for the provision of non-cable television services by a related third party is beyond the city's jurisdiction and does not require local regulatory approval. According to your letter, the franchisee relies solely on section364.01, Florida Statutes, to assert that the Florida Public Service Commission has exclusive jurisdiction.[1]
Chapter 364, Florida Statutes, provides for the regulation of telecommunications companies by the Florida Public Service Commission. "Telecommunications company" is defined to mean an entity offering two-way telecommunications service to the public for hire in the state; the definition specifically excludes cellular and other radio communications and cable television.[2]
In 1995, the Legislature amended various provisions of Chapter 364 to eliminate the statutory prohibition on the duplicate provision of local exchange telecommunications services and to allow the certification of alternative local exchange telecommunications companies.[3] As amended, the chapter sets forth the conditions for competition, including provisions relating to interconnection, unbundling, resale, universal service, and consumer protection.
The legislative findings for the act are set forth in section364.01(3), Florida Statutes, which provides:
The Legislature finds that the competitive provision of telecommunications services, including local exchange telecommunications service, is in the public interest and will provide customers with freedom of choice, encourage the introduction of new telecommunications service, encourage technological innovation, and encourage investment in telecommunications infrastructure. The Legislature further finds that the transition from the monopoly provision of local exchange service to the competitive provision thereof will require appropriate regulatory oversight to protect consumers and provide for the development of fair and effective competition, but nothing in this chapter shall limit the availability to any party of any remedy under state or federal antitrust laws. The Legislature further finds that changes in regulations allowing increased competition in telecommunications services could provide the occasion for increases in the telecommunications workforce; therefore, it is in the public interest that competition in telecommunications services lead to a situation that enhances the high-technological skills and the economic status of the telecommunications workforce.
Section 364.01(2), Florida Statutes, provides that it is the intent of the Legislature to grant exclusive jurisdiction in all matters set forth in Chapter 364, Florida Statutes, to the Florida Public Service Commission in regulating telecommunications companies. While providing that such preemption supersedes any local or special act or municipal charter to the extent of any conflict, section 364.01(2), also provides:
However, the provisions of this chapter shall not affect the authority and powers granted in s. 166.231(9) or s. 337.401.
Section 337.401, Florida Statutes, authorizes local governmental authorities that have jurisdiction and control of public roads or publicly-owned rail corridors to prescribe and enforce reasonable rules and regulations regarding the placement and maintenance of utilities along, across, or on such road or corridor.[4]
Subsection (2) of the statute provides:
The [local government] authority may grant to any person who is a resident of this state, or to any corporation which is organized under the laws of this state or licensed to do business within this state, the use of a right-of-way for the utility in accordance with such rules or regulations as the authority may adopt. No utility shall be installed, located or relocated unless authorized by written permit issued by the authority. . . . The authority may initiate injunctive proceedings as provided in s.120.69 to enforce provisions of this subsection or any rule or order issued or entered into pursuant thereto. (e.s.)
Section 337.401(2), Florida Statutes, clearly authorizes a local government to enter into an agreement with a utility for use of the local government's right-of-way in accordance with the rules that may be adopted by the local government.
While the 1995 amendments to Chapter 364, Florida Statutes, reflect a legislative intent to encourage the competitive provision of telecommunications services and the introduction of new services within an area, nothing in Chapter 364 precludes a municipality from managing its right-of-way on a nondiscriminatory basis. Section 364.01(2), Florida Statutes, while generally preempting the area of regulation of telecommunication services, expressly preserves the grant of authority provided in section 337.401.[5]
Accordingly, I am of the opinion that section 364.01, Florida Statutes, does not preclude a municipality from enforcing the provisions of a franchise agreement that require the franchisee to seek approval of the city before utilizing the city's right-of-way for other than the provision of cable television services.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Your question arises under the provisions of the state telecommunications law; no opinion is expressed regarding the applicability of the federal Telecommunications Act of 1996, P.L. 104-104, 110 Stat. 56. This office would note, however, that while section 253 of the federal act generally prohibits state or local government barriers to entry to telecommunications markets, it also provides:
(c) Nothing in this section affects the authority of a State or local government to manage the public rights-ofway or to require fair and reasonable compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis, for use of public rights-of-way on a nondiscriminatory basis, if the compensation is publicly disclosed by such government.
Compare, s. 303 of the federal act restricting the franchise authority of local governments over cable operators or affiliates thereof engaged in the provision of telecommunications services.
[2] Section 364.02(12), Fla. Stat. (1995).
[3] See, Ch. 95-403, Laws of Florida.
[4] See, s. 337.401(1), Fla. Stat. (1995), referring to electric transmission, telephone, or telegraph lines; pole lines, railways, ditches; sewers; water, heat, or gas mains; pipelines; fences; gasoline tanks and pumps; or other structures as the "utility."
[5] Compare, s. 253 of the federal Telecommunications Act, supra, which generally preempts barriers to entry to telecommunications but which recognizes the authority of state or local government to manage the public's right-of-way or to require compensation from telecommunications providers on a competitively neutral and nondiscriminatory basis for such use.